UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN C. BRADY                                        CIVIL ACTION

VS.                                                  NO.: 2:15-cv-149

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

**COMPLAINT**

The Complaint of John C. Brady respectfully alleges:

1. This is a claim for ERISA disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et seq.

3. Plaintiff, **John C. Brady**, of lawful age and a resident of LaPlace, Louisiana, is a plan participant and beneficiary of an ERISA plan created by his employer, Ochsner Clinic Foundation and an insured participant of a group disability policy issued by Liberty Life Assurance Company of Boston.

4. Defendant, **Liberty Life Assurance Company of Boston** ("Liberty" or "Liberty Mutual"), is a foreign corporation authorized and doing business in Louisiana.

5. Defendant, **Ochsner Clinic Foundation** is a resident corporation authorized and doing business in Louisiana.

6. Liberty issued a group policy insuring the employees of Ochsner Clinic Foundation. Plaintiff is a beneficiary and insured under the policy.

7. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

8. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis.

9. Plaintiff is disabled under the terms of the disability policy issued by Liberty Mutual.

10. Liberty Mutual unlawfully denied Plaintiff benefits he is entitled to under terms of the Liberty Mutual disability policy.

11. Plaintiff appealed the denial, but Liberty Mutual upheld its previous decision.

12. Liberty compared his job (an 'infection preventionist') with the job duties of a quality control coordinator and claimed that this job is only sedentary in the national economy, and therefore even though his job at Ochsner required frequent walking he should be able to find a similar job in the national economy that would be sedentary (despite his advanced age of 66 years old).

13. In support of Plaintiff's appeal, he pointed out to Liberty Mutual that his doctors were restricted him from walking, which was a large part of his job at Ochsner based on his actual job duties and the job description that Ochsner had provided to Liberty Mutual. Indeed, even Liberty Mutual's own reviewing doctor noted that walking would be problematic given his medical condition. Plaintiff also submitted evidence of similar job descriptions that note that frequent walking is a job requirement, which further solidified that walking was an important job requirement.

14. Ochsner provided Liberty with a copy of Mr. Brady's job description of an infection preventionist. It outlines his job duties for this position that is responsible for preventing the spread of infection in a hospital. The physical demands of his job required that he move throughout the hospital and travel to off-campus sites as required. In addition, the job requires prolonged sitting, computer use, and variable work hours. Again, the job description reiterates the need to be able to mobilize throughout the facilities.

15. After receiving Plaintiff's appeal, Liberty contacted Ochsner who provided an addendum to Plaintiff's job description. Liberty then conducted a new vocational analysis and based on this analysis Liberty denied his appeal. Liberty stated the denial was final and no further reviews would be allowed. Notably, Liberty did not provide Plaintiff with a copy of the new vocational analysis nor of the addendum that it received from Ochsner. Plaintiff was therefore unable to challenge these new reasons for Liberty Mutual's denial of his claim. Liberty's conduct in this regard is procedurally unreasonable, an abuse of discretion, and a breach of fiduciary duty.

16. Liberty Mutual's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

17. Plaintiff has exhausted his administrative remedies and now timely files this suit to reverse Liberty Mutual's denial of benefits.

18. Liberty Mutual has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

19. Liberty Mutual has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

20. Liberty Mutual abused its discretion and failed to provide a full and fair review by relying on the report of a vocational consultant in its final denial letter and not allowing Plaintiff a chance to challenge that opinion.

21. Liberty Mutual's denial of this claim is procedurally unreasonable.

22. Liberty Mutual administered Plaintiff's claim with an inherent and structural conflict of interest, as Liberty Mutual is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Liberty Mutual's assets.

23. Liberty Mutual has failed to give the policy and Plan a uniform construction and interpretation.

24. The standard of review of this dispute is de novo, as there is no document that grants Liberty Mutual discretion to interpret the terms of the plan or eligibility for benefits.

25. Liberty Mutual chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

26. As a routine business practice, Liberty Mutual uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

27. Liberty Mutual's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

28. Liberty Mutual's conduct in this matter constitutes a breach of fiduciary duty.

29. Plaintiff has been denied the benefits due Plaintiff under the Plan, has suffered, and is continuing to suffer economic loss as a result.

30. Plaintiff is entitled to an award of interest on all money that Defendant should have paid to Plaintiff.

31. Defendant's denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due Plaintiff under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney fees;

3. For costs of suit; and,

4.	For all other relief as the facts and law may provide.

                                        Respectfully submitted,

                                        <u>/s/ Reagan L. Toledano</u>
                                        Willeford & Toledano
                                        James F. Willeford (LA. 13485)
                                        Reagan L. Toledano (LA. 29687)
                                        Shane D. Pendley (LA. 34023)
                                        201 St. Charles Avenue, Suite 4208
                                        New Orleans, Louisiana 70170
                                        (504) 582-1286; (f) (313)692-5927
                                        rtoledano@willlefordlaw.com